No. 23,602.

ROBINSON PACKER COMPANY, *Appellee,* v. MID-CO PACKER COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

ACTION ON ACCOUNT—*Counterclaim—Evidence—Findings.* Where findings of fact made by a trial court are sustained by evidence, the findings will not be disturbed on appeal.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 8, 1922. Affirmed.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, Forest D. Siefkin, James G. Norton,* all of Wichita, and *Robert Burns,* of Tulsa, Okla., for the appellant.

*J. B. McKay,* of El Dorado, *G. C. Spillers,* of Tulsa, Okla., *R. B. Caldwell,* and *Lynn Webb,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff brought this action to recover $8,-147.14, the balance due on account for goods sold and delivered to the defendant. The defendant set up four items of counterclaim—one for $4,500 with interest, one on a note of $1,260, one on a note of $2,500, and one on an account for $68.90 for goods sold by the defendant to the plaintiff. The defendant alleged that the plaintiff for a valuable consideration agreed to pay the two notes. The plaintiff denied that allegation, pleaded the statute of frauds, and alleged that the contract, if there was one, was *ultra vires.* The answer to the counterclaim was verified. The plaintiff was allowed the full amount of its claim and interest. The defendant was allowed the item of $4,500 with interest and the item of $68.90 with interest but was denied the item on the note of $1,260 and the item on the note of $2,500. Judgment was rendered in favor of the

plaintiff for the balance in the sum of $3,591.20. The defendant appeals. It complains of the refusal of the court to allow the two items of counterclaim.

The case was tried without a jury, and special findings of fact and conclusions of law were made; the first five findings of fact were as follows:

"1. The plaintiff furnished to the defendant the goods, wares and merchandise, as set forth in the statement of account attached to his petition and of the reasonable value as therein stated, amounting to $8,147.14, the last item being of date August 13, 1919, same being a credit.

"2. The defendant furnished to the plaintiff the goods, wares and merchandise represented by the item of $68.90, as set up and claimed by the defendant in its cross-petition, the same being made up of two invoices, one of date June 30, 1919, and the other July 8, 1919, and it is admitted by the plaintiff that this item is correct and the defendant should have judgment therefor.

"3. In the spring of 1918, J. G. Robinson, being about to incorporate the defendant, the Mid-Co Packer Company, contracted with one Maurice Robinson, the Secretary and Manager of the Robinson Packer Company, the plaintiff herein, under the terms of which the Robinson Packer Company was to lend its credit to the Mid-Co Packer Company in order that the latter might purchase machinery for its plant. An initial payment of $4,500.00 was made by J. C. Robinson, on behalf of the Mid-Co Packer Company which received the money by cashing a check made to its order by J. G. Robinson. This money was received by the plaintiff company and has never been in any way repaid to the defendant, the Mid-Co Packer Company.

"4. In the reorganization scheme under and by which one O. K. Eysenbach and associates took over the stock of M. Robinson as indicated in the evidence, said Eysenbach and associates did assume and agree to pay certain indebtedness of M. Robinson, but this they did as individuals and not for and on behalf of the corporation, The Robinson Packer Company.

"5. The plaintiff, The Robinson Packer Company, a corporation, did not, in writing or otherwise, assume and agree to pay the two notes set up in defendant's answer and cross-petition, one being for $1,260 in favor of the Pickering Lumber Company, and the other being for $2,500 in favor of the Kansas State Bank of El Dorado, Kansas."

Other findings of fact were made, but they are immaterial now. The court made the following conclusions of law:

"1. There is due to the plaintiff from the defendant the sum of $8,147.14 with six per cent interest from August 13, 1919, $785.00, or a total of $8,932.14, and plaintiff is entitled to recover this amount from defendant.

"2. There is due from the plaintiff to the defendant the item of $68.90 claimed in its cross-petition with six per cent interest from July 8, 1919, $7.04, a total of $75.94, and the defendant is entitled to recover this amount from plaintiff.

"3. There is due from the plaintiff to the defendant the item of $4,500.00 as claimed by the defendant in its cross-petition with six per cent interest from April 20, 1918, $765.00, a total of $5,265.00, and defendant is entitled to recover this amount from the plaintiff.

"4. The plaintiff is entitled to have a judgment against the defendant in this action for $3,591.20 with six per cent interest from this date."

The defendant in effect argues that the fourth and the fifth findings of fact were not supported by evidence. The burden was on the defendant to prove the facts necessary to establish the items of its counterclaim. If sufficient evidence was not introduced to establish them, the plaintiff was entitled to judgment on them. There was evidence which affirmatively tended to prove the fourth and the fifth findings, although there was evidence which tended to support the defendant's contention concerning those facts. Under these circumstances, the rule that findings of fact will not be disturbed where they are supported by evidence must be applied on appeal.

The defendant argues that there was a consideration for the agreement by the plaintiff to pay the notes, that the agreement was not void on account of the statute of frauds, and that the agreement was not *ultra vires* as to the plaintiff. Before these questions· could be logically disposed of in this case, the fourth and the fifth findings of fact would have to be set aside, and contrary findings be made. Under the circumstances, it is not necessary to discuss this case further.

The judgment is affirmed.